**UNITED STATES, Plaintiff,**

v.

**ONE RED LAMBORGHINI (VIN ZA190000ELA12133), and One Black Lamborghini (VIN ZA190000ELA12144), Defendants.**

**Court No. 85–10–01393.**

United States Court of International Trade.

Decided Jan. 6, 1986.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice

(J. Kevin Horgan), Washington, D.C., for plaintiff.

Stein Shostak Shostak & O'Hara, Robert Glenn White, Los Angeles, Cal., for amicus curiae Brigitte Kritschker.

## Memorandum Opinion and Order

DiCARLO, Judge:

Plaintiff brings this *in rem* action under section 592(c)(5) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592(c)(5) (1982), seeking forfeiture of two vehicles seized by the United States Customs Service (Customs) as improperly entered into the United States. Plaintiff sought a warrant for the arrest of the vehicles pursuant to 28 U.S.C. § 2461(b) (1982).[1] The Court did not sign the arrest warrant and requested, *sua sponte*, that plaintiff submit a memorandum setting forth the legal basis for its action.[2] The Court holds that section 592 does not provide a cause of action for forfeiture *in rem*. The action is dismissed.

### Background

On September 4 and 7, 1984, Brigitte Kritschker, a citizen of the Federal Republic of Germany, entered one Lamborghini Jalpa automobile at Jacksonville, Florida, and Los Angeles, California, respectively, under item 812.30, Tariff Schedules of the United States (TSUS).[3] According to Ms. Kritschker, she returned to the Federal

---

1. 28 U.S.C. § 2461(b) provides in part:

   Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as a penalty for violation of an Act of Congress ... forfeiture may be enforced by a proceeding by libel which shall conform as near as may be possible to proceedings in admiralty.

   Rule C(3) of the Suplemental Rules for Certain Admiralty and Maritime Claims provides that an *in rem* action by the United States for forfeiture for federal statutory violation proceeds by issuance of an arrest warrant by the clerk for seizure of the property.

   In *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT ——, 597 F.Supp. 510, 515, *reh'g denied*, 8 CIT ——, 601 F.Supp. 212 (1984), the Court held that since the clerk of this Court may not make the determinations required by section 592(c)(5), property subject to forfeiture under that provision cannot become subject to the process of the Court by action of the clerk, but only by action of the Court. Thus, in this action, the arrest warrant was forwarded to the Court.

2. The Court requested that plaintiff brief the legal basis for its action since (1) there was no previous judicial determination whether section 592 provides for an *in rem* action for forfeiture and (2) under Rule C(6) of the Supplemental Rules no claimant would come forward until after publication of notice of the arrest of the vehicles.

3. Item 812.30, TSUS covers:

   articles imported by or for the account of any person arriving in the United States who is not a returning resident thereof:
   ....
   Automobiles ... imported in connection with the arrival of such person and to be used in the United States only for the transportation of such person, his family and guests, and such incidental carriage of articles as may be appropriate to his personal use ...

Republic of Germany on September 11, 1984. On or about September 20, 1984, Customs agents seized both vehicles at Fort Worth, Texas.

On October 16, 1984, Customs issued a pre-penalty notice and notice of seizure to Ms. Kritschker pursuant to section 592(c)(5). On January 9, 1985, Ms. Kritschker responded to the pre-penalty notice, requesting administrative relief from the *in personam* penalty and from the seizure of the two vehicles. On March 6, 1985, Customs issued a penalty notice to Ms. Kritschker, alleging fraudulent violations of section 592. Ms. Kritschker responded to the penalty notice with a petition for mitigation, pursuant to 19 U.S.C. § 1618 (1982) on April 3, 1985, requesting that if the vehicles were not released by Customs· within 21 days, the seizure be referred to the appropriate government attorneys for commencement of judicial forfeiture proceedings.

On May 10, 1985, Ms. Kritschker brought an action requesting that the Court order Customs to release the vehicles or refer the matter to the Department of Justice to "initiate proceedings on the seizure." *Kritschker v. Greenleaf,* No. 85–5–00657 (CIT).[4] On June 10, 1985, the United States counterclaimed in *Kritschker* for civil penalty for fraudulent violation of section 592.

4. The complaint alleged three causes of action. The first claimed violation of 19 U.S.C. §§ 1602–1604 (1982), which require Customs officials to report seizures immediately to appropriate authorities, including the United States Attorney for the district in which the violation occurred, and the United States Attorney General to "forthwith ... cause the proper proceedings to be commenced and prosecuted, without delay," unless such proceedings are not warranted. 19 U.S.C. § 1604. The second cause of action alleged plaintiff was denied use of her property without due process under the Fifth Amendment to the Constitution. The third cause of action sought review of defendants' actions under the Administrative Procedure Act, 5 U.S.C. § 702 (1982).

5. On October 9, 1985, the Court denied plaintiff's motion for judgment on the pleadings in *Kritschker,* and offered plaintiff an expedited trial date. Plaintiff in *Kritschker* then made an

On September 19, 1985, the Court granted plaintiff's motion in *Kritschker* to dismiss the counterclaim as untimely. The Court held: (1) the United States may not bring an action under section 592 against an importer who has pending a petition for mitigation or remission under 19 U.S.C. § 1618 before a final determination is provided to the importer pursuant to section 592(b)(2); (2) Ms. Kritschker's petition had not been denied; and (3) Ms. Kritschker had neither withdrawn her petition nor waived her rights to a determination by bringing her action.[5]

On October 4, 1985, the United States brought this action *in rem* under section 592 against the vehicles.

### Discussion

The question presented by plaintiff's action is whether Congress has provided for forfeiture actions *in rem* under section 592.

"In construing a federal statute it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses the legislative purpose.'" *Mills Music, Inc. v. Snyder,* —— U.S. ——, 105 S.Ct. 638, 645, 83 L.Ed.2d 556 (1985), quoting *Park'n Fly v. Dollar Park and Fly, Inc.,* —— U.S. ——, 105 S.Ct., 658, 662, 83 L.Ed.2d 582 (1985). Section 592 states in part:

(a) Prohibition

(1) General Rule

oral motion to voluntarily dismiss the action without prejudice. On October 21, 1985, plaintiff indicated that it would not seek action on its motion until disposition of this action.

On October 17, 1985, Customs issued its determination on Ms. Kritschker's supplemental petition. Customs said it had reasonable cause to seize the vehicles under section 592, and determined that Ms. Kritschker's false statements to Customs were the result of fraud. Notice of Customs determination was mailed to Ms. Kritschker's counsel October 30, 1985. Ms. Kritschker had until December 16, 1985 to respond. She did not respond.

On December 19, 1985, the United States moved to ammend its answer in *Kritschker* to include a counterclaim for civil penalties for fradulent violation of section 592. That motion is pending.

Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no person, by fraud, gross negligence, or negligence—

(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—

(i) any document, written or oral statement, or act which is material and false, or

(ii) any omission which is material, or

(B) may aid or abet any person to violate subparagraph (A).

. . . .

(c) Maximum penalties

(1) Fraud

A fraudulent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise.

. . . .

(5) Seizure

If the Secretary has reasonable cause to believe that a person has violated the provisions of subsection (a) of this section and that such person is insolvent or beyond the jurisdiction of the United States or that seizure is otherwise essential to protect the revenue of the United States or to prevent the introduction of prohibited or restricted merchandise into the customs territory of the United States, then such *merchandise may be seized and, upon assessment of a monetary penalty, forfeited unless the monetary penalty is paid within the time specified by law.* Within a reasonable time after any such seizure is made, the Secretary shall issue to the person concerned a written statement containing the reasons for the seizure. After sei-

zure of merchandise under this subsection, the Secretary may, in the case of restricted merchandise, and shall, in the case of any other merchandise (other than prohibited merchandise), return such merchandise upon the deposit of security not to exceed the maximum monetary penalty which may be assessed under subsection (c) of this section.

(Emphasis added.)

Section 592 was extensively revised in 1978.[6] The Senate and the conference report said that

The penalty for violation of section 592 would be changed from an in rem penalty, forfeiture of the merchandise, to an in personam penalty, a monetary liability of the importer. However, seizure of the merchandise would be permitted if the Secretary of the Treasury has "reasonable cause to believe" the importer is insolvent, outside U.S. jurisdiction, or that seizure is "necessary" to protect the revenue or prevent the importation of restricted goods. The seized merchandise would, in general, be forfeited to the United States only if the monetary penalty is not paid.

S.Rep. No. 95–778, 95th Cong., 2d Sess. 19, *reprinted in,* 1978 U.S.Code Cong. & Ad. News 2211, 2230; Conf.Rep. No. 95–1517, 95th Cong., 2d Sess. 10, *reprinted in,* 1978 U.S.Code Cong. & Ad. News 2249, 2252.

Simply stated, the 1978 revisions to section 592 terminated the *in rem* action under that provision. There is nothing in the language or legislative history of the current section 592 that indicates that Congress intended that provision to provide an *in rem* cause of action for forfeiture of merchandise.

Plaintiff argues that the statement in the legislative history quoted above that "seized merchandise would, *in general,* be

---

**6.** *See* Customs Procedure Reform and Simplification Act of 1978, Pub.L. No. 95–410, § 110, 92 Stat. 888 (1978). Under prior law, the only penalty that could be assessed in a section 592 action was forfeiture of the merchandise involved or a penalty equal to the domestic value of the merchandise. Under current law, the amount of any penalty is to be determined *de*

novo by the Court. 19 U.S.C. § 1592(e). *See United States v. F.A.G. Bearings, Ltd.,* 8 CIT ——, 598 F.Supp. 401 (1984); Note, *Anachronism Laid to Rest: Customs Reform Act Accomplishes Long Overdue Reform of Section 592 of the Tariff Act of 1930,* 10 Law and Pol'y in Int'l Bus. 1305, 1314 (1978).

forfeited to the United States only if the monetary penalty is not paid" (emphasis added) leaves open the possibility that merchandise might be forfeited in some circumstances other than for nonpayment of monetary penalty.

But the question posed by plaintiff's action is whether section 592 provides for *in rem* actions, not whether forfeiture is only permitted where the monetary penalty is unsatisified.[7] The Court does not find the language cited by plaintiff "a clearly expressed legislative intention to the contrary" of the language of the statute providing only for an *in personam* action. *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Plaintiff says that it is compelled to seek a prompt judicial determination of the propriety of the seizure and detention of the vehicles or risk losing its only security for payment of the penalty on due process grounds or by the depreciation of the vehicles during the pendancy of the administrative proceedings.[8] Plaintiff acknowledges that it is required to seek a post-seizure judicial determination of the legality of the seizure and detention within a reasonable time after seizure, *see United States v. $8,850*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), and says that section 592 must be construed to permit some judicial approval of the seizure during the pendancy of the administrative *in personam* proceedings.

■ There may be, as the United States argued in *Kritschker*, a statute under which *in rem* proceedings for forfeiture of merchandise is permitted. *See* 18 U.S.C. § 545 (1982). However, jurisdiction over such actions is provided in the district courts. 28 U.S.C. § 1355 (1982).[9] Jurisdiction over actions under section 592 is exclusive in this Court. 28 U.S.C. § 1355. *See United States v. Gold Mountain Coffee, Ltd.*, 8 CIT ——, 597 F.Supp. 510, 515, *reh'g denied*, 8 CIT ——, 601 F.Supp. 212 (1984); *United States v. Tabor*, 9 CIT ——, 608 F.Supp. 658, 665 (1985).

The Court understands the desirability of adjudicating all claims arising out of an import transaction in one forum. But, "[t]he relevant question is not whether, as an abstract matter, the rule advocated by petitioner accords with good policy. The question we must consider is whether the policy petitioners favor is that which Congress effectuated.... Courts are not authorized to rewrite a statute because they might deem [it] susceptible of improvement." *Badaracco v. Commissioner*, 464 U.S. 386, 104 S.Ct. 756, 765, 78 L.Ed.2d 549 (1984).

■ *In rem* actions under section 592 may be desirable for the reasons advanced by plaintiff. But section 592 is, on this point, plain and unambiguous; it does not provide for *in rem* actions.

The action is dismissed. Judgment will be entered accordingly.

---

7. The answer to this question remains unclear. In *United States v. Tabor*, 9 CIT ——, 608 F.Supp. 658, 665 (1985), the Court dismissed a claim for forfeiture in an action also seeking civil penalties. The Court held that in the forfeiture language of section 592(c)(5) "Congress appears to have provided a particular, but nonexclusive, manner for satisfaction of a judgment." 608 F.Supp. at 666.

8. To afford due process to potential claimants, plaintiff asks the Court to "approve" the detention of the vehicles. Memorandum in Support of the United States' Claim for Forfeiture, at 7. To avoid depreciation of the vehicles, plaintiff says that it will deposit the proceeds of their

sale in an escrow account from which the civil penalty will be satisfied. *Id.*, at 16.

9. 28 U.S.C. § 1355 (1982) provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1582(a) (1982) provides for jurisdiction in this Court of any action brought by the United States under section 592.