UNITED STATES of America, Plaintiff,

v.

JAC NATORI CO., LTD., Defendant.

Court No. 90–08–00445.

United States Court of
International Trade.

May 12, 1993.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Velta A. Melnbrencis, and Office of Regional Counsel, U.S. Customs Service, I. David Krawet, of counsel, for plaintiff.

Irving A. Mandel and Thomas J. Kovarcik, for defendant.

## MEMORANDUM AND ORDER

AQUILINO, Judge:

In this action brought by the government pursuant to 28 U.S.C. § 1582 to recover penalties and duties under 19 U.S.C. § 1592, the defendant, citing CIT Rules 9(b), 12(b)(5), 12(f) and 12(h), has interposed a motion

(1) to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted because the Customs Service failed to perform the condition precedent, i.e., furnishing the decision in the underlying administrative penalty proceeding; (2) to dismiss the fraud claim for facial insufficiency because of failure to plead fraud with particularity; (3) to dismiss the fraud claim for facial insufficiency for failure to plead the proper intent required to establish fraud; (4) to dismiss the duty claim for facial insufficiency and failure to comply with the statute of limitations; (5) to dismiss all penalty claims for failure to comply with the statute of limitations; (6) to dismiss the Complaint in its entirety because the evidence of alleged violations was illegally obtained; and (7) to strike irrelevant references to certain persons in the allegations of the complaint as slanderous.[1]

I

■ For the purposes of a motion such as this, the material allegations of the complaint are taken as admitted and are to be liberally construed in favor of the plaintiff. *E.g., Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404, *reh'g denied,* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969), and cases cited therein. With this rule in mind, the complaint herein alleges, among other things, that the defendant New York corporation is engaged in the business of importing wearing apparel into the United States from the Republic of the Philippines and that:

6. On September 4, 1985, defendant entered or … caused to be entered … various articles of wearing apparel … under cover of five consumption entries: 85–500211–4; 85–500208–8; 85–500152–6; 85–500207–5; and 85–500234–7. On that same date, the U.S. Customs Service … examined the merchandise covered by these entries and determined that each entry (1) contained merchandise that was not declared on the entries and for which no visa had been obtained, and (2) did not contain merchandise that was declared on the entry documentation.

---

1. Defendant's Motion to Dismiss Complaint, pp. 1–2. This motion further postulates that "the prosecution of this action is itself a fraudulent violation of the Customs laws" and "justice demands that the defective complaint be dismissed and sanctions imposed against the Government pursuant to Rule 11 to prevent further harassment of Natori and other importers." *Id.* at 2.

7. The documents, written or oral statements, acts and/or omissions made in connection with the entries referred to in paragraph 6 above were false because they misdeclared the merchandise that was actually covered by each entry and because all the merchandise was represented as being covered by a visa, when in fact, a visa had not been secured for some of the merchandise.

8. The false statements, acts, and/or omissions, referred to ... were material because they had the potential to affect the liability for customs duties and to allow the importation of restricted merchandise without a proper visa.

The complaint further avers steps taken by Customs to investigate the specified entries, which allegedly led to discovery of some 91 other unlawful entries and issuance of pre-penalty and penalty notices to the defendant. Asserting violations of 19 U.S.C. § 1592, the complaint prays in count I for $32,859.04 in penalties for gross negligence; for $16,429.52 in count II based on negligence; and for $5,284,000.00 in count III as a result of fraud. In addition, count IV prays for recovery of lost duties amounting to $1,054,779.00.

## II

According to the plaintiff, penalty notices were issued to Jac Natori Co. on December 9, 1988 and March 3, 1989. Section 1592(b)(2) provides, in part, that, upon receipt of a written penalty claim from Customs, a person

shall have a reasonable opportunity under section 1618 ... to make representations, both oral and written, seeking remission or mitigation of the monetary penalty. At the conclusion of any proceeding under such section 1618, the appropriate customs officer shall provide to the person concerned a written statement which sets forth the final determination and the findings of fact and conclusions of law on which such determination is based.

After receipt of those notices, Natori formally petitioned for relief. However, before

disposing of the response(s), the Service issued another notice of penalty (in July 1989), from which the company also sought relief. Customs denied all the petitions in February 1990, notifying Natori on March 8, 1990 that it had seven days to file a supplemental petition for relief pursuant to 19 C.F.R. § 171.33.

▮ Defendant's reply memorandum indicates that a supplemental petition was filed, albeit on March 23, 1990, followed by a second supplemental petition on August 14, 1990. The former was denied by the Service, while the second remains undecided, leading the defendant to argue that this lawsuit is premature and should be dismissed. It cites *United States v. One Red Lamborghini*, 10 CIT 7, 9, 625 F.Supp. 986, 988, *vacated as moot*, 10 CIT 654 (1986), in which the court refers to grant of a motion to dismiss a counterclaim because "the United States may not bring an action under section 592 against an importer who has pending a petition for mitigation or remission under 19 U.S.C. § 1618 before a final determination is provided to the importer pursuant to section 592(b)(2)". In that case, however, the original request for remission or mitigation pursuant to section 1618 was pending when the government brought suit. *See* 10 CIT at 8–9, 625 F.Supp. at 988. In this action, there has been administrative resolution of such requests, and this court cannot conclude on the motion presented that petitioner Jac Natori Co. did not have a reasonable opportunity to be heard within the meaning of the above statute. *Cf. United States v. Modes, Inc.*, 13 CIT 780, 723 F.Supp. 811 (1989); *United States v. Ross*, 6 CIT 270, 574 F.Supp. 1067 (1983). Moreover, if defendant's characterization of the August 13 request as a "second supplemental petition" is well-taken, it failed to pay all penalties and duties claimed to be due and therefore did not meet the condition precedent to decision of such a petition under 19 C.F.R. § 171.33(c)(1). Finally, "[n]o action shall be taken on any petition if the civil liability has been referred to the Department of Justice for institution of legal proceedings"[2], and, in any event, "failure to provide

---

2. 19 C.F.R. § 171.24. *See United States v. Modes, Inc.*, 13 CIT 780, 782 n. 1, 723 F.Supp. 811 n. 1 (1989). With regard to the March notice of seven days for any further request,

adequate notice or opportunity to participate at the administrative level is generally not perceived as a jurisdictional prerequisite to an enforcement action brought by the agency." *United States v. Priority Products, Inc.*, 793 F.2d 296, 300 (Fed.Cir.1986).

### III

■ CIT Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It is designed to provide defendants with adequate notice: "the rule assures that a defendant will be alerted to the particular transactions in question and be able to mount an effective and meaningful defense." *United States v. F.A.G. Bearings Corp.*, 7 CIT 8, 9, 1984 WL 3699 (1984). The rule, however, must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Rule 9(b) does not require the pleading of detailed evidentiary matter. *United States v. Scope Imports, Inc.*, 10 CIT 410, 1986 WL 30006 (1986), citing 2A Moore's Federal Practice § 9.03, at 9–28 to 9–30 (1979). *See also United States v. Priscilla Modes, Inc.*, 9 CIT 598, 599, 1985 WL 25788 (1985); 5 Wright & Miller, Federal Practice and Procedure § 1298, at 617–21 (1990). Finally, the

> sufficiency of a fraud pleading also varies with the complexity of the transaction in question. When the issues are complicated or the transactions cover a long period of time, courts tend to require less of the pleader.

*Id.* at 646–47 (citations omitted).

■ In the complaint at bar, the plaintiff identifies the defendant and its owners and

alleges, with several exceptions[3], "the time, place and contents" of the alleged misrepresentations, to wit, the dates of entry, entry numbers, port of entry, entered value and appraised value. The complaint further alleges in paragraph 15 that the

> documents, written or oral statements, acts and/or omissions made in connection with the entries referred to ... were false in that defendant understated the purchase price and/or value of the merchandise, did not declare assists (purchases of materials and services) provided to FFI[nternational], and did not reflect additional costs with respect to its purchases from FFI.

Paragraph 28 avers that the false statements, acts, or omissions were made knowingly by the defendant and identifies in Exhibit A the duties paid, the duties due, the revenue loss and the domestic forfeiture value of each entry.

These allegations lead the court to find that the plaintiff has pleaded with sufficient particularity to enable the defendant to respond. *See, e.g., United States v. Valley Steel Products Co.*, 12 CIT 1161, 1162–63, 1988 WL 142564 (1988); *United States v. Priscilla Modes, Inc.*, 9 CIT at 599–600. Indeed, unlike other actions in federal court where a party is first apprised of claims of fraud upon service of the pleadings thereon, actions like this one necessarily entail administrative proceedings beforehand.

### A

■ The defendant claims the "defective allegations of fraud" as a basis for its request that references in the complaint to Natori family members be stricken, arguing, among other things, that they are "vague and totally irrelevant"[4]. However, the relationship between the defendant, those who closely hold

---

section 171.12(c) of Title 19, C.F.R. provides that, if a penalty is assessed under section 1592, and fewer than 180 days remain of the period of limitation, Customs may shorten the time for the filing of a petition for relief to as few as seven days.

**3.** Exhibit A to the complaint lists 93 entries, two of which do not indicate dates and entry numbers and another which lacks an entry date. These particular shortcomings, however, do not warrant dismissal of the entire pleading.

**4.** Defendant's Motion, p. 27. It states at page 28 that these

> allegations may initially appear to be relevant and innocuous. However, consideration of the vague language contained therein and of the defective allegations of fraud appearing elsewhere in the complaint reveal them to be another predicate act in the pattern of Customs' continuous harassment of Natori throughout this matter. Read together with that branch of the instant motion to dismiss the fraud count of the complaint for legal insufficiency pursu-

that corporation and its primary supplier could prove to be material. *See, e.g., Generra Sportswear Co. v. United States*, 905 F.2d 377 (Fed.Cir.1990). As motions to strike are a drastic remedy not favored [5] when, as here, the movant has failed to show that the challenged allegations amount to "flagrant disregard" [6] of the rules, the relief the defendant prays for need not be granted.

**B**

■ The defendant contests the sufficiency of the complaint regarding intent, arguing

that in order to state a claim under section 1592(a) the government is required to plead and prove that the defendant specifically intended to defraud the revenue of the United States.[7] The statute, however, prohibits the entry of merchandise "[w]ithout regard to whether the United States is or may be deprived of all or a portion of any lawful duty" by any person "by means of—(i) any document, written or oral statement, or act which is material and false, or (ii) any omission which is material" [8]. *See United States v. Valley Steel Products Co.*, 12 CIT at 1162.

---

5. *See, e.g., Beker Industries Corp. v. United States*, 7 CIT 199, 200, 585 F.Supp. 663, 665 (1984).

6. *Jimlar Corp. v. United States*, 10 CIT 671, 673, 647 F.Supp. 932, 934 (1986).

7. *See* Defendant's Reply Memorandum in Further Support of Motion to Dismiss Action, p. 8: It attempts to rely on guidelines to "be applied by Customs officers in pre-penalty proceedings and in determining the monetary penalty assessed in the penalty notice." 19 C.F.R. Part 171, App. B. But they are "intended to provide internal guidance to Customs employees, and are not a part of the Customs Service Regulations." T.D. 89–83, 23 Cust.Bull. & Dec. 395, 396 (1989). Furthermore, effective October 6, 1989, the Service revised the definition of fraud in its guidelines

> by removing the requirement that intent to defraud the revenue of the United States be proven as an element of the violation. This change brings the Customs guidelines into conformity with the current legal requirements applicable to the Government's burden of proof in civil fraud cases. Under the new definition, the critical element necessary to prove the violation is the intent to commit the fraudulent act or omission.

*Id.* at 395. In response to a comment on this revision, it stated:

> Since section 1592 is a civil statute, the elements of fraud that must be established for penalties thereunder differ in some respects from those relating to criminal fraud. The required element of intent in civil fraud cases is intent that a representation be made, that it be directed to a particular person or class of persons, that it convey a certain meaning, that

ant to Rule 9(b), it is obvious that the Government made the personal references sought to be stricken for the purpose of publicly slandering Natori. In short, the Government is insinuating that Natori family members committed wrongdoing by associating them with the baseless allegations of fraud contained in the complaint.

> it be believed and that it shall be acted upon in a certain way.

> By amending the definition of fraud under the guidelines, Customs merely is adhering to the general principle applied in civil fraud cases that "the intent which becomes important is the intent to deceive, to mislead, to convey a false impression." Thus, the intent under the new definition is directed to the making of the false representation or omission, as opposed to causing the consequences of such representation or omission (e.g., duty loss, quota violation, etc.).

*Id.* at 397.

Be that as it may, even under the earlier standard, that an accused "did knowingly, willfully, and unlawfully make and cause to be made a material false and fraudulent statement" was held to be sufficient to establish the requisite fraudulent intent. *United States v. Daewoo Int'l (America) Corp.*, 12 CIT 889, 896, 696 F.Supp. 1534, 1541 (1988), *modified*, 13 CIT 76, 704 F.Supp. 1067 (1989).

8. 19 U.S.C. § 1592(a). Earlier versions of the statute included such phrases as "with design to evade the duties", 1 Stat. 677, § 66 (1799), and "intent to defraud the revenue", 18 Stat. 186, § 12 (1874). The defendant refers to *United States v. Ven–Fuel, Inc.*, 758 F.2d 741 (1st Cir. 1985), arguing that it "supports the proposition that Congress intended to utilize the intent factors already built into the pre–1978 version of 1592." Defendant's Reply Memorandum, p. 9.

At issue in that case was whether simple negligence could be the basis of a violation of the 1970 version of section 1592. In holding that the defendants could be found liable, the court of appeals traced the intent requirement, concluding that as long ago as 1799 "something less than specific intent" was required. 758 F.2d at 754. *See also United States v. Five Casks of Files*, 25 F.Cas. 1095, 1096 (S.D.N.Y.1840) (No. 15,-112) ("if, without mistake of fact, they make an entry in their invoice contrary to the law, it must be regarded as intentional; and, if tending to defraud the revenue that intent must be ascribed to the false invoice"); *United States v. Wagner*, 434 F.2d 627, 628 (9th Cir.1970) ("knowing in-

As the complaint alleges that the defendant "knowingly made each of the false statements, acts, or omissions ... which resulted in the entry or introduction of merchandise into the commerce of the United States by means of fraud and in violation of 19 U.S.C. § 1592(a)"[9], that those "false statements, acts, and/or omissions ... were material because they had the potential to affect the liability for customs duties"[10] and that "as a result of defendant's material false statements, acts, and/or omissions, the United States was deprived of $1,054,779.00 in lawful duties"[11], the court cannot conclude that this pleading is facially insufficient. *See, e.g., United States v. Scope Imports, Inc.,* 10 CIT at 410; *United States v. Priscilla Modes, Inc.,* 9 CIT at 598–99. *See also* Kennedy, *Civil Penalty Proceedings Under Section 592 of the Tariff Act of 1930,* 10 Fordham Int'l L.J. 147, 182–84 (1986–1987).

[■■■] The defendant also urges the court to dismiss the fraud claims as "based on a reduced standard of proof effectuated on October 6, 1989" in violation of the *ex post facto* clause of the U.S. Constitution. However, that clause "forbids ... penal legislation which imposes or increases criminal punishment for conduct lawful previous to its enactment"[12] and "has no relation to retrospective legislation of any other description." *Bankers Trust Company v. Blodgett,* 260 U.S. 647, 652, 43 S.Ct. 233, 235, 67 L.Ed. 439 (1923), citing *Johannessen v. United States,* 225 U.S. 227, 242, 32 S.Ct. 613, 617, 56 L.Ed. 1066 (1912). Customs fraud was not lawful prior to the guidelines, nor is the statutory proscription penal. It is "rather to be regarded as remedial in ... character, and intended to prevent fraud, suppress public wrong and promote the public good." *One*

*Hundred and Twenty–Five Baskets of Champagne v. United States,* 70 U.S. 116, 121, 3 Wall. 114, 145, 18 L.Ed. 116 (1865). *See also United States v. Valley Steel Products Co.,* 14 CIT 14, 729 F.Supp. 1356 (1990); *United States v. Gordon,* 10 CIT 292, 634 F.Supp. 409 (1986). In fact, since the definition of fraud is based upon judicial decisions[13], it is not subject to the constitutional ban on *ex post facto* legislation. *Ross v. Oregon,* 227 U.S. 150, 162–64, 33 S.Ct. 220, 222–23, 57 L.Ed. 458 (1913).

### C

The defendant also challenges the fraud claims on the ground that the plaintiff fails to plead date(s) of discovery.

[11] Section 1621 of Title 19, U.S.C. provides that actions for fraud under 1592 be instituted "within five years after the time when the alleged offense was discovered".[14] This court is not convinced that this section must be construed as an element of the claim pleaded[15], but the plaintiff herein does plead facts relating to discovery of the offenses. The complaint states in paragraphs 6 and 14 that Customs began an audit of defendant's 1981–82 records after the discovery on September 4, 1985 of false entry statements. Taking these allegations as true for purposes of the instant motion, that is the date the government's time began to run. *Cf. Hodges v. H & R Investments, Ltd.,* 668 F.Supp. 545, 551 (N.D.Miss.1987) (to support a claim under section 12(2) of the Securities Act of 1933 "the duty is to plead facts showing that the claim is within the statute and not to plead conclusory allegations to that effect."). As for defendant's allegation that any fraud should have been discovered earlier, the court may not grant a motion to dismiss "to

---

tent" not required for forfeiture under 19 U.S.C. § 1592 (1970)). In short, the defendant cannot support its contention that "[u]nder the old definition of fraud, the Government was obliged to plead and prove that the importer knowingly deprived Customs of revenue." Defendant's Reply Memorandum, p. 8.

9. Complaint, para. 28.

10. *Id.,* para. 16.

11. *Id.,* para. 17.

12. *Harisiades v. Shaughnessy,* 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (footnote omitted), *reh'gs denied,* 343 U.S. 936, 72 S.Ct. 767, 96 L.Ed. 1344 (1952).

13. *See, e.g.,* O.C.O.D. 90–1 (Dec. 5, 1989).

14. In causes of action based on negligence or gross negligence, time runs from the date on which such occurs.

15. *Cf. United States v. Gordon,* 7 CIT 350, 352, 1984 WL 3714 (1984).

the extent it is based on unsupported or disputed factual allegations"[16], which is the case here.

## IV

■ Defendant's motion to dismiss plaintiff's claim for duties is based on the argument that the applicable statute of limitations is 19 U.S.C. § 1521, which provides:

> If the appropriate customs officer finds probable cause to believe there is fraud in the case, he may reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

Under this section, the defendant contends plaintiff's duty claim became stale as of September 1987, two years after the date of discovery of the alleged fraud.[17]

The plaintiff responds that section 1521 is not applicable in actions for restoration of duties pursuant to 19 U.S.C. § 1592(d), arguing instead that no statute of limitations applies to such claims. The government took the same position in *United States v. Blum*, 11 CIT 316, 660 F.Supp. 975 (1987), in which this court was called upon to determine whether subsection (d)[18] provided Customs with an independent cause of action for recovery of duties. In concluding that it did not, the court relied, in part, on the fact that the Customs Procedural Reform and Simplification Act of 1978, Pub.L. No. 95–410, 92 Stat. 888, had not prescribed a period of limitation thereof much as that statute amended section 621 of the Tariff Act to conform to the newly-enacted gradations of culpability for the monetary penalties. 11 CIT at 322, 660 F.Supp. at 980. The Court of Appeals for the Federal Circuit reversed, holding that that subsection does constitute an independent cause of action, even against parties who have not themselves violated subsection (a) of 1592, but that court did not and has not intimated what period of limitation, if any, applies thereto. *See United States v. Blum*, 858 F.2d 1566 (Fed.Cir.1988).

Be that as it may, in regard to defendant's instant position, section 1514(c)(2) provides that liquidation is final as to all parties unless a protest is filed within 90 days, with some exceptions: They include voluntary liquidation by a customs officer under section 1501, filing of a petition by a domestic interested party under 1516, reliquidation due to error under section 1520, and reliquidation under 1521 because of suspected fraud, which, as stated above, permits reliquidation within two years. Such reliquidations are protestable events. *See* 1 Sturm, Customs Law and Administration § 9.4, at 16 (3d ed. 1990). *See also United States v. Sherman & Sons Co.*, 237 U.S. 146, 154, 35 S.Ct. 520, 523, 59 L.Ed. 883 (1915); *A.N. Deringer, Inc. v. United States*, 59 Cust.Ct. 148, 149, C.D. 3101, 272 F.Supp. 987, 988 (1967); 19 U.S.C. § 1514(a)(5). Thus, a reliquidation under section 1521 becomes final within 90 days unless a protest is filed under section 1514. But section 1592(d) applies, notwithstanding 1514's conclusive finality, for its purpose is not liquidation but restoration of lawful duties. *See, e.g., United States v. Ross, supra*, 6 CIT at 271 n. 1, 574 F.Supp. at 1068 n. 1 (1983). *See also Customs Procedural Reform Act of 1977: Hearings on H.R. 8149 and H.R. 8222 Before the Subcomm. on Trade of the House Comm. on Ways and Means*, 95th Cong., 1st Sess. 46, 57–58 (1977) (statement of Hon. Robert E. Chasen, Comm'r of Customs: "We interpret the subsection as allowing the Government to collect all duties ... even though liquidation of the entries involved would have become 'final'

---

**16.** *Id.* at 351, citing *United States v. R.I.T.A. Organics, Inc.*, 487 F.Supp. 75, 78 (N.D.Ill.1980).

**17.** The defendant seemingly confuses section 1521 with the discovery rule of section 1621. The former delimits the liquidator while the latter restricts the seeking of relief in court. Furthermore, the pleadings do not indicate when the entries at issue were last reliquidated, if at all. Therefore, even if the court were to hold that section 1521 applies to restoration of duties under section 1592(d), the court could not dismiss

this action on the papers at hand. *Cf. United States v. Appendagez, Inc.*, 5 CIT 74, 81, 560 F.Supp. 50, 55–56 (1983).

**18.** The language of this subsection is as follows:

**Deprivation of lawful duties.**—Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.

and not subject to challenge or reliquidation under any other provision of law"); Kennedy, *supra*, 10 Fordham Int'l L.J. at 201 n. 313 (section 1521 and 1514(c)(2)(A) "govern reliquidation, not duty collection"). *Cf. United States v. Godinez*, 922 F.2d 752, 755 (11th Cir.1991) (liquidation under section 1521 is an administrative matter not relevant in criminal proceedings under 18 U.S.C. § 541). In sum, if any statute of limitations governs 19 U.S.C. § 1592(d), it is not the one the defendant perceives. Moreover, courts have held that perception of time limitations on actions of the sovereign must be clear[19], which is hardly the case here.

### V

In view of the foregoing, defendant's motion to dismiss the complaint or to strike portions thereof cannot be granted on any of the grounds posited. The motion must therefore be, and it hereby is, denied.

The defendant shall answer the complaint in accordance with CIT Rule 12(a), and the parties shall have until September 3, 1993 to engage in discovery and to present a proposed pretrial order.

So ordered.

---

**19.** *E.g., E.I. DuPont de Nemours & Co. v. Davis,* 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924), and cases cited therein.