**UNITED STATES, Plaintiff,**

v.

**The STANLEY WORKS, Defendant.**

**Court Number 93–03–00140.**
**Slip Op. 93–240.**

United States Court of International Trade.

Dec. 20, 1993.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, Edmund W. Chapman; C. Parker–Harrison, U.S. Customs Service, of counsel, Washington, DC, for plaintiff.

Skadden, Arps, Slate, Meagher & Flom, Rodney O. Thorson and Alicia J. Batts, Washington, DC, for defendant.

## OPINION

CARMAN, Judge:

Plaintiff commenced this action to recover civil penalties for violations of 19 U.S.C. § 1592(d) (1988) and to recover marking duties, provided in 19 U.S.C. § 1304(f) (1988), pursuant to 19 U.S.C. 1592(d). This Court has jurisdiction over this matter based on 28 U.S.C. § 1582 (1988). Defendant moves to dismiss this action pursuant to USCIT Rules 12(b)(1), (2) and (5), for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, and (3) failure to state a claim upon which relief can be granted.

## BACKGROUND

Stanley received a prepenalty notice from Customs dated October 2, 1990, which indicated the entries at issue to be "all entries" of sockets and Blackhawk hand tools from November 28, 1983 to August 10, 1988. The notice provided for a seven-day response time, citing 19 C.F.R. § 162.77 (1990) and 19 C.F.R. § 162.78 (1990) which allow a minimum response time of seven days when there is less than one year for the statute of limitations to run.

On October 17, 1990, Customs sent defendant a penalty notice which also provided for a seven-day response time. Stanley responded to both notices in a timely fashion arguing there was no precedent or authority supporting Customs' position that a failure to mark merchandise in accordance with the marking statute constitutes a violation of 19 U.S.C. § 1592(a). Oct. 9, 1990 Letter to Customs; Oct. 24, 1990 Letter to Customs.

Defendant subsequently received a mitigation notice dated March 8, 1991, which advised Stanley if payment was not made within fifteen days, the matter would be turned over to the Department of Justice for the institution of judicial enforcement proceedings. Stanley did not respond to the mitigation notice.

Twenty-one months later Customs issued Stanley a prepenalty notice dated November 10, 1992. This notice contained the same allegations as the 1990 notices, but Customs listed the merchandise at issue as twelve entries during the period from July 15, 1987 to January 4, 1988. The notice provided Stanley with a ten-day response time. Customs did not respond to Stanley's request to withdraw the prepenalty notice and subsequently sent Stanley a penalty notice by mail dated November 27, 1992. Stanley responded to the penalty notice, which granted a seven-day response period, via Federal Express on December 4, 1992. Defendant requested a hearing in its response, but Customs rejected the request as untimely due to the fact Customs did not receive the letter until Monday, December 7, 1992. Customs filed and served the summons and complaint in this action on March 3, 1993.

## CONTENTIONS OF THE PARTIES

Defendant claims because Customs did not follow the notice and hearing requirements of 19 U.S.C. § 1592(b), this Court lacks jurisdiction over both the subject matter and defendant, Stanley. According to Stanley, the notices it received were inconsistent, uninformative, and misleading. Furthermore, Stanley complains Customs failed to provide telephonic notification pursuant to 19 C.F.R. § 162.78, an oral hearing pursuant to 19 U.S.C. § 1592(b), and thirty-day response periods pursuant to 19 C.F.R. § 162.78 and 19 C.F.R. § 171.12 (1990).

Customs maintains it has complied with its statutory obligations by (1) fully describing the merchandise and the details of entry, (2)

specifying the law and regulations allegedly violated, (3) disclosing the material facts, (4) identifying the tentative culpability, (5) stating the proposed monetary penalties, and (6) informing defendant of its right to make representations. Customs, therefore, argues it adhered to all requirements of 19 U.S.C. § 1592(b)(1) contrary to defendant's assertions.

Defendant further contends the complaint is defective because the allegation of Stanley's post-importation failure to mark the subject merchandise does not, as a matter of law, constitute a violation of 19 U.S.C. § 1592(a). Defendant argues the complaint is also defective in that it fails adequately to allege Stanley's fraudulent intent, an essential element of an actionable claim for fraud under 19 U.S.C. § 1592.

Customs acknowledges the containers in which the merchandise was imported were properly marked upon arrival. Plaintiff argues, however, for statutory purposes the merchandise was not properly marked at the time of importation, because the merchandise did not have country of origin markings when subsequently sold to the ultimate purchasers. Customs alleges defendant removed the origin markings by repackaging the merchandise into containers which did not identify the foreign origin of the goods. Additionally, Customs maintains the complaint satisfies USCIT Rule 9(b) by alleging fraud with particularity.

### DISCUSSION

■ Customs alleges Stanley fraudulently violated 19 U.S.C. § 1592. This statute indicates that which is prohibited, as well as the procedures Customs must follow at the administrative level in pursuing its claim for monetary penalty. Stanley claims Customs failed to follow these procedures by providing less than the required thirty-day response period and by ignoring its request for an oral hearing.

### A. Thirty-day Response Period

Among other requirements, 19 U.S.C. § 1592 states the defendant "*shall* have a reasonable opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated." 19 U.S.C. § 1592(b)(1)(A)(vii) (emphasis added). To this end, Customs is guided by 19 C.F.R. § 162.78 which provides the time within which the defendant must respond to a prepenalty notice. The relevant language of this regulation is as follows:

> (a) *Time within which to respond.* Unless a shorter period is specified in the prepenalty notice or an extension is given in accordance with paragraph (b) of this section, the named person *shall have 30 days* from the date of mailing of the prepenalty notice to make a written and an oral presentation. The district director may specify a shorter reasonable period of time, but not less than 7 days, if less than 1 year remains before the statute of limitations may be asserted as a defense. If a period of fewer than 30 days is specified, the district director, if possible shall inform the named person of the prepenalty notice and its contents by telephone at or about the time of issuance.

19 C.F.R. § 162.78(a) (emphasis added).

Based on a reading of this regulation, therefore, Customs must provide a defendant with a thirty-day response period unless it is able to demonstrate less than one year remains before the statute of limitations may be asserted as a defense. In order to determine when the statute of limitations will run, it is necessary to examine the applicable statute, 19 U.S.C. § 1621 (1988). This statute states:

> [n]o suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered: *Provided,* That in the case of an alleged violation of section 1592 of this title arising out of gross negligence or negligence, such suit or action shall not be instituted more than five years after the date the alleged violation was committed....

19 U.S.C. § 1621.

As indicated in both sets of prepenalty and penalty notices as well as the complaint, this

action only seeks a penalty for fraudulent violations of 19 U.S.C. § 1592.[1] The statute of limitations therefore, runs until "five years after the time when the alleged offense was discovered." 19 U.S.C. § 1621. Plaintiff did not allege in its complaint or either set of prepenalty and penalty notices a violation arising out of gross negligence or negligence. Thus, the statute of limitations is not properly measured from "the date the alleged violation was committed." *Id.*[2]

Customs states in its complaint it "had no knowledge of any of the false and material statements, acts and/or omissions, alleged in the above paragraphs, before March 3, 1988." Complaint at ¶ 18. At the time Customs commenced its administrative investigation on October 2, 1990, the statute of limitations would not have run for another two years and five months. Customs is unable to demonstrate less than one year remained before the statute of limitations could have been asserted as a defense. Pursuant to 19 C.F.R. § 162.78(a) and 19 C.F.R. § 171.12, therefore, Customs should have provided Stanley with a thirty-day response period for the October 2, 1990 prepenalty notice and October 17, 1990 penalty notice.

During the administrative proceeding below, Stanley's attorney pointed out to Customs its obligation to provide defendant with a thirty-day response period. October 9, 1990 Letter to District Director; October 24, 1990 Letter to Commissioner of Customs. Two years and five months remained before the defendant could have raised the statute of limitations as a defense yet Customs ignored the thirty-day response period provided for in 19 C.F.R. § 162.78 and 19 C.F.R. § 171.12.

Customs argues that even if it failed to provide Stanley with proper notice and an adequate opportunity to participate at the administrative level, such failure "is generally not perceived as a jurisdictional prerequisite to an enforcement action brought by the agency." Pl.Br. at 22 (quoting *United States v. Jac Natori Co.*, 17 CIT ——, ——, 821 F.Supp. 1514, 1517 (1993); *United States v. Priority Prods., Inc.*, 4 Fed.Cir. (T) 88, 92, 793 F.2d 296, 300 (1986)). Both *Jac Natori* and *Priority*, however, can be distinguished from the instant case.

Plaintiff in *Jac Natori* sought to have the action against it dismissed based on, among other reasons, Customs failure to issue a decision on a second supplemental administrative decision. *Jac Natori*, 17 CIT at ——, 821 F.Supp. at 1516. The Court reasoned because the civil liability had been referred to the Department of Justice, Customs could not have taken any action on plaintiff's petition. *Id.* at ——, 821 F.Supp. at 1516. Additionally, the Court could not "conclude on the motion presented that petitioner Jac Natori Co. did not have a reasonable opportunity to be heard." *Id.* at ——, 821 F.Supp. at 1516. This Court, however, is able to conclude that petitioner Stanley, unlike Jac Natori, did not have a reasonable opportunity to be heard regarding the initial prepenalty and penalty notices. Customs denied Stanley this opportunity by providing a truncated response period.

The *Priority* court held Customs' failure to name the owner of Priority Products and his wife in the prepenalty and penalty notices

---

1. Customs claims for the first time in its brief that it was contemplating an alternative plea of gross negligence. Pl.Br. at 19. However, Customs cannot point to any mention of a claim based on gross negligence in the complaint or in any of the prepenalty and penalty notices it sent Stanley. The Court, therefore, finds Customs' argument without merit.

2. According to Customs, "[i]t is the policy of the Customs Service to calculate the statute of limitations from the date of the violation (as opposed to the date of discovery of fraud) as a conservative measure." Pl.Br. at 20. In support of this policy, Customs cites *United States v. Thorson Chem. Corp.*, 14 CIT 550, 551 n. 1, 742 F.Supp. 1170, 1171 n. 1 (1990), *claim dismissed*, 16 CIT ——, 795 F.Supp. 1190 (1992). *Thorson*, however, dealt with the validity of the party's waiver of the statute of limitations. Moreover, the specific footnote Customs cites merely restates the language of 19 U.S.C. § 1592 (1988). *Thorson* does not provide support for Customs' proposition that it may deny a party the requisite thirty-day response period by calculating the statute of limitations for a fraud case from the date of the violation instead of the date of discovery of the fraud. Where Customs has not alleged negligence or gross negligence, it cannot calculate the statute of limitations from the date of the violation.

did not deprive the Court of International Trade of jurisdiction. 4 Fed.Cir. (T) at 93, 793 F.2d at 300. The court refused to read 19 U.S.C. § 1592 and 28 U.S.C. § 1582 as limiting the Court of International Trade's jurisdiction to only those cases where the parties have been expressly named in the administrative proceedings. *Id.* at 91, 793 F.2d at 299. The court found both parties received actual notice of the claim and received due process at the administrative level. *Id.* at 94, 793 F.2d at 299.

Stanley, unlike the parties in *Priority,* could not adequately participate at the administrative level with respect to the initial prepenalty and penalty notices because of the shortened response period Customs provided. "There is no doubt that the doctrine of exhaustion of administrative remedies applies to an agency seeking enforcement of administrative action prior to the completion of the administrative process." *Id.* at 92, 793 F.2d at 300 (citing *Aircraft & Diesel Equip. Corp. v. Hirsch,* 331 U.S. 752, 767–68, 67 S.Ct. 1493, 1500–01, 91 L.Ed. 1796 (1947)). Plaintiff failed to provide Stanley with a "reasonable opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated." *See* 19 U.S.C. § 1592(b)(1)(A)(vii). The Court must dismiss this action with respect to the entries covered by the October 2, 1990 and October 17, 1990 prepenalty and penalty notices for plaintiff's failure to (1) exhaust its administrative remedies and (2) provide Stanley with a reasonable opportunity to be heard, a fundamental requirement of due process of law. *See* 28 U.S.C. § 2637(d) (1988); U.S. CONST. amend. V.

At the time Customs issued the second set of prepenalty and penalty notices (November 11, 1992 and November 27, 1992 respectively), there was less than one year remaining before the statute of limitations could have been asserted as a defense. Customs, therefore, acted lawfully in providing Stanley with a response period of less than thirty days. *See* 19 C.F.R. §§ 162.78(a), 171.12(e).

B. *Request for Oral Hearing*

■ As an additional basis for dismissal, Stanley complains Customs failed to respond to defendant's request for an oral hearing pursuant to 19 U.S.C. § 1592(b)(2). Customs first argues Stanley's December 4, 1992 request was untimely filed. Later in its brief, Customs maintains it could not complete its administrative review, and in particular it could not respond to defendant's request, because it had already submitted the case to the U.S. Department of Justice. Because Customs points to nothing in the record supporting the argument it had already submitted the case to the Department of Justice, the Court finds this factual assertion without substantiation and, therefore, without merit. The Court, thus turns to Customs initial argument that Stanley's request was untimely.

A respondent must comply with the stated time period in the penalty notice in order to take advantage of its right to make an oral presentation pursuant to 19 C.F.R. § 171.14 (1990). The November 27, 1992 penalty notice provided Stanley with a seven-day response period pursuant to 19 C.F.R. § 171.-12(e). This subsection allows Customs to "specify in the [penalty] notice a *reasonable* period of time shorter than 30 days but not less than 7 days, for the filing of a petition for relief" if "fewer than 180 days remain from the date of the penalty notice before the statute of limitations may be asserted as a defense." 19 C.F.R. § 171.12(e) (emphasis added). The regulatory requirement of a reasonable period of time is necessary in order for section 171.12(e) to be in compliance with 19 U.S.C. § 1592(b)(2). Section 1592 directs Customs to give respondents "a *reasonable* opportunity ... to make representations, both oral and written, seeking remission or mitigation of the monetary penalty." 19 U.S.C. § 1592(b)(2) (emphasis added). The issue before the Court, therefore, is whether the seven-day period as implemented by Customs provided a *"reasonable* period of time ... for the filing of a petition for relief."

Customs sent Stanley the penalty notice by mail on Friday, November 27, 1992 from the Customs office in Dallas, Texas to Stanley headquarters in New Britain, Connecticut. Despite having received a prepenalty response from Stanley's attorney of record

less than one week before, Customs did not send a copy of the penalty notice to the attorney. Stanley sent its response by Federal Express on Friday, December 4, 1992. Federal Express delivered the response to Customs on Monday, December 7, 1992. According to Customs, Stanley's response was untimely because it needed to be in Customs' office by Friday, December 4, 1992. The Court finds Customs' position and the seven-day response period requirement as implemented by Customs to be unreasonable.

If a three-day mailing time is assumed, the earliest Stanley would have received the penalty notice would have been Monday, November 30, 1992. If Stanley were to have sent its response in the same manner as Customs, by mail, then it would have had to mail its response by Tuesday, December 1, 1992. This would have allowed Stanley one day in which to contact its attorney in Washington D.C., formulate its response, and mail its response and oral hearing request to Customs. The Court finds that not only is this time period unreasonable, it also effectively denied defendant a fundamental opportunity to be heard, which is a denial of due process. U.S. CONST. amend. V. As previously stated, section 1592 directs Customs to give respondent "a *reasonable* opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated." *See* 19 U.S.C. § 1592(b)(1)(A)(vii) (emphasis added). Customs cannot avoid that reasonableness requirement by regulation or other action. It may well be reasonable for Customs to allow a seven-day response time provided it allows time for mailing to be taken into consideration or provides some other form of notice calculated to afford a party a reasonable period of time to respond. Customs appears to have, for some caprice, deliberately set out to deny defendant its opportunity to be heard. Suffice it to say this Court will not endorse that caprice. Accordingly, the Court grants defendant's motion with respect to the entries covered by the 1992 penalty notice, and dismisses this case.

### CONCLUSION

After considering all of defendant's and plaintiff's arguments, the Court holds Customs failed to exhaust its administrative remedies with respect to the 1990 prepenalty and penalty notices and to afford defendant with a reasonable opportunity to be heard, a fundamental requirement of due process of law. Additionally, the Court holds the seven-day response period requirement as implemented by Customs with respect to the 1992 penalty notice was unreasonable and not in accordance with law. Defendant's motion is granted and this action is dismissed.