UNITED STATES of America, Plaintiff,

v.

**THORSON CHEMICAL CORPORATION,**
Defendant.

**Court No. 88–11–00853.**

United States Court of International Trade.

Aug. 10, 1990.

---

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Jane E. Meehan), for plaintiff.

Irving A. Mandel and Thomas J. Kovarcik, for defendant.

## OPINION

CARMAN, Judge:

Defendant Thorson Chemical Corporation (defendant or Thorson) moves pursuant to Rule 56 of the Rules of this Court for summary judgment. Defendant contends that (1) there is no genuine issue as to any material fact and (2) it is entitled to judgment as a matter of law because the instant action is barred by the statute of limitations.

## BACKGROUND

On December 29, 1983, results of an audit of Thorson conducted by the United States Customs Service (Customs) revealed alleged double and triple invoicing of merchandise which was entered into the United States between October 22, 1980 and June 10, 1982. Based on these findings, Customs began an investigation which resulted in the issuance of a pre-penalty notice to Thorson on April 25, 1985 and an amended pre-penalty notice on November 14, 1985. Thorson responded to the pre-penalty notice on May 17, 1985. Customs issued a penalty notice in the amount of $2,582,406 on May 19, 1986.

Customs, calculating the five-year period for instituting the instant action from the date of entry of the subject merchandise, requested a waiver of the statute of limitations from Thorson.[1] A waiver was executed by Thorson's president on September 11, 1985. Accompanying the waiver was a letter from the corporation's secretary confirming that the individual who signed the waiver was the president of Thorson and that the president was duly authorized to endorse the waiver. Customs accepted the waiver, which was for a one-year period.

Three subsequent waivers were submitted for one-year periods on May 21, 1986, February 19, 1987 and November 17, 1987. The instant action was filed on November 16, 1988. The May 21, 1986 waiver was accompanied by a corporate resolution authorizing the waiver. The February 19, 1987 waiver was not accompanied by a corporate resolution. It was, however, signed by an official of the corporation. The November 17, 1987 waiver apparently included the corporate seal of Thorson.

On May 3, 1990, this Court granted plaintiff's (the government's) motion to strike defendant's second affirmative defense which alleged that the instant action was barred by the statute of limitations.

Defendant contends that Customs "attempted to conceal the expiration of the statute of limitations by refusing to produce the documents which establish that fact, despite a proper request by Thorson.

---

1. 19 U.S.C. § 1592(a)(1) (1988) states that:
   Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no person, by fraud, gross negligence or negligence—
   (A) may enter, introduce, or attempt to introduce any merchandise into the United States by means of—
   (i) any document, written or oral statement, or act which is material and false, or
   (ii) any omission which is material, or
   (B) may aid or abet any other person to violate subparagraph (A).
   The government may bring an action either (1) within five years of the date of the discovery of the fraudulent violation of 19 U.S.C. § 1592 or (2) within five years of the date of a grossly negligent or negligent violation of 19 U.S.C. § 1592. *See* 19 U.S.C. § 1621 (1988).

That concealment caused unnecessary delay and needless increase in Thorson's litigation costs." Defendant also requested, pursuant to Rule 11 of the Rules of this Court, that an appropriate sanction be imposed against plaintiff.

## DISCUSSION

The greater part of defendant's argument centers on its claim that the statute of limitations has expired. This claim was struck when the Court granted plaintiff's motion to strike defendant's second affirmative defense of expiration of the statute of limitations by order dated May 3, 1990. Upon careful examination of the papers submitted by both parties, the Court denies defendant's motion for summary judgment and vacates its order striking the affirmative defense of expiration of the statute of limitations. The Court finds that there may be questions of fact as to the validity of certain waivers of the statute of limitations.

It appears to the Court, in reading defendant's motion for summary judgment in conjunction with defendant's motion to deny plaintiff's motion to strike defendant's affirmative defense of expiration of the statute of limitations, that defendant makes the following contentions:

(1) the waiver dated May 21, 1986 was invalid; *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Second Affirmative Defense at 3.

(2) the waiver dated February 19, 1987 was invalid; *See id.*

(3) a general contention that waivers were defective because there were no accompanying corporate resolutions. *See id.* at 2–3.

### Waiver Dated May 21, 1986

While defendant contends that the waiver signed on May 21, 1986 was not accompanied by a corporate resolution, the government's brief includes a copy of a corporate resolution dated May 21, 1986. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exhibit 15.

### Waiver Dated February 19, 1987

The February 19, 1987 waiver, although not accompanied by a corporate resolution, was signed by an officer of the corporation. The government contends that since the waiver was signed in the regular course of business, the waiver was valid and binding upon the corporation.

### Waiver Dated November 17, 1987

The government also defends the validity of the waiver dated November 17, 1987. Although this waiver was not accompanied by a corporate resolution, the government notes that the waiver was executed by the president, who was the sole stockholder of the plaintiff Thorson. Furthermore, the waiver apparently had the seal of the corporation affixed to the waiver document. Thorson is a New York corporation and pursuant to New York State Business Corporation Law § 107 (McKinney 1986), "The presence of the corporate seal on a written instrument purporting to be executed by authority of a domestic or foreign corporation shall be prima facie evidence that the instrument was so executed."

Of course, defendant may wish to assert that the president, who was sole shareholder of the corporation, dishonestly signed the waiver and contend that such signing might be *ultra vires*. Such factual determinations are best left to the Court as trier of fact.

### Waiver Dated September 11, 1985

There appears to be no contention as to the validity of this waiver so far as lack of corporate resolution is concerned.

## CONCLUSION

Due to the factual contentions concerning the validity of certain waivers and other factual issues raised by the pleadings, the Court denies defendant's motion for summary judgment.

The Court denies defendant's request for sanctions against the government.

The Court vacates its order dated May 3, 1990 which struck Thorson's second affirm-

ative defense concerning expiration of the statute of limitations.