**UNITED STATES, Plaintiff,**

v.

**Kirk Koo CHOW, Defendant.**

Court No. 93–03–00139.
Slip Op. No. 93–239.

United States Court of
International Trade.

Dec. 20, 1993.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, Edmund W. Chapman, C. Parker–Harrison, U.S. Customs Service, Washington, DC, of counsel, for plaintiff.

Law Offices of Stephen M. Creskoff, Stephen M. Creskoff, Washington, DC, and Geary, Porter & West, Joseph W. Geary, Dallas, TX, for defendant.

OPINION

CARMAN, Judge:

Plaintiff commenced this action to recover civil penalties for violations of 19 U.S.C. § 1592 (1988) and to recover marking duties provided in 19 U.S.C. § 1304(f) (1988) pursuant to 19 U.S.C. § 1592(d). Defendant moves to dismiss the entire action pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction; to dismiss Count II of the complaint pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted; and to dismiss the complaint pursuant to USCIT Rules 9(b) and 12(b)(5) for failure to state a claim upon which relief can be granted. In the alternative, defendant moves pursuant to USCIT Rules 12(e) and 9(b) for a more definite statement.

BACKGROUND

Defendant Kirk Koo Chow was the owner and Chief Executive Officer of National Hand Tool (NHT) from the time he established the company in 1978 until its sale to The Stanley Works (Stanley) on December 31, 1986. After the sale of NHT to Stanley, Mr. Chow was employed as a consultant by

Stanley and was subsequently elected to Stanley's Board of Directors.

According to plaintiff, NHT engaged in the business of importing and distributing throughout the United States socket wrenches, sockets, socket drives and extensions, hammers, screwdrivers and iron or steel crowbars/pry bars. Defendant maintains NHT imported a small amount of finished hand tools for resale, manufactured sockets from imported CHQ steel, and imported forgings and semi-finished hand tool parts transforming them into finished ratchet wrenches and other hand tools.

Customs sent Mr. Chow a prepenalty notice on October 2, 1990 concerning entries of merchandise during the period from November 28, 1983 through August 10, 1988. The notice provided for a seven-day response period and defendant filed his response within this time frame on October 8, 1990.

On October 17, 1990, Customs issued a penalty notice to defendant setting forth the same allegations contained in the prepenalty notice. This notice also provided for a seven-day response period. Defendant responded timely by filing a petition for remission or mitigation on October 24, 1990.

Customs issued an administrative decision in this proceeding on January 2, 1991, and on January 9, 1991, defendant filed a supplemental petition. No action was taken upon the supplemental petition. Plaintiff subsequently referred the matter to the Department of Justice and a summons and complaint were filed on March 3, 1993.

Plaintiff alleges in Count I of its complaint that Mr. Chow aided and abetted NHT and Stanley in entering merchandise into the commerce of the United States by means of fraud and in violation of 19 U.S.C. § 1592(a). In Count II of its complaint, plaintiff claims defendant is liable for duties on the listed entries from which the country of origin markings were removed.

## CONTENTIONS OF THE PARTIES

Defendant moves to dismiss the action on the following grounds: (1) this Court lacks jurisdiction over the subject matter of this case because of plaintiff's failure to comply with the required administrative procedures of 19 U.S.C. § 1592(b); (2) Count II of the complaint fails to state a claim upon which relief may be granted; and (3) plaintiff has not set forth the circumstances allegedly constituting defendant's aiding and abetting of fraud with the requisite particularity. Defendant has alternatively moved for a more definite statement.

Defendant first argues this Court lacks jurisdiction due to plaintiff's failure to follow the required administrative procedures of 19 U.S.C. § 1592(b). Specifically, defendant claims he was (1) not given an adequate description of the merchandise allegedly involved; (2) not informed regarding the facts and details as to how he allegedly aided and abetted the alleged fraud; (3) not given an opportunity to review entry and commercial documents relating to the case; and (4) not given sufficient time to respond to the charges.

Plaintiff, however, contends it complied with the administrative procedures of 19 U.S.C. § 1592 by (1) accurately describing the merchandise at issue; (2) disclosing the material facts establishing the alleged violation; (3) providing defendant with the opportunity to review entry documents relating to the case; and (4) affording defendant a seven-day time period pursuant to 19 C.F.R. § 162.78 (1990) and 19 C.F.R. § 171.12 (1990) for prepenalty and penalty responses.

In Count II of its complaint, plaintiff seeks to recover marking duties. According to Mr. Chow, however, the U.S. Customs Service has already held that he was not liable for marking duties because he was not the importer of record. Additionally, defendant argues marking duties accrue only at the time of importation and paragraphs 13 and 14 of plaintiff's complaint allege that all imports or their containers were properly marked at the time of importation.

Customs maintains it correctly assessed marking duties pursuant to 19 U.S.C. § 1304(f). According to plaintiff, the merchandise was not properly marked at the time of importation for purposes of 19 U.S.C. § 1304, because the merchandise did not

reach the ultimate purchaser properly marked.

Defendant argues plaintiff has failed to satisfy USCIT Rule 9(b)'s requirement that "[i]n all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff rebuts this argument claiming the complaint "provides extremely detailed information concerning specific acts by defendant." Plaintiff's Brief at 23.

## DISCUSSION

### A. Administrative Procedures

■ Customs alleges Kirk Koo Chow fraudulently violated 19 U.S.C. § 1592. This statute sets forth penalties for fraud, gross negligence, and negligence, as well as the procedures Customs must follow at the administrative level in pursuing its claims for monetary penalties. Defendant claims Customs failed to follow these procedures. Among other requirements, the statute states the defendant "*shall* have a reasonable opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated." 19 U.S.C. § 1592(b)(1)(A)(vii) (emphasis added). To this end, Customs is guided by 19 C.F.R. § 162.78, which provides the time period within which the defendant must respond to a prepenalty notice.

The relevant language of this regulation is as follows:

(a) *Time within which to respond.* Unless a shorter period is specified in the prepenalty notice or an extension is given in accordance with paragraph (b) of this section, the named person *shall have 30 days* from the date of mailing of the prepenalty notice to make a written and an oral presentation. The district director may specify a shorter reasonable period of time, but not less than 7 days, if less than 1 year remains before the statute of limitations may be asserted as a defense. If a period of fewer than 30 days is specified, the district director, if possible, shall inform the named person of the prepenalty notice and its contents by telephone at or about the time of issuance.

19 C.F.R. § 162.78(a) (emphasis added). The foregoing regulation indicates Customs must provide a defendant with a thirty-day response period unless it is able to demonstrate less than one year remains before the statute of limitations may be asserted as a defense. In order to determine when the statute of limitations will run, it is necessary to examine the applicable statute, 19 U.S.C. § 1621 (1988). This statute states

[n]o suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered: *Provided,* That in the case of an alleged violation of section 1592 of this title arising out of gross negligence or negligence, such suit or action shall not be instituted more than five years after the date the alleged violation was committed....

19 U.S.C. § 1621.

As plaintiff states in its brief, this action "only seeks a penalty for fraudulent violations of 19 U.S.C. § 1592." Plaintiff's Brief at 9; *see also* Prepenalty Notice and Penalty Notice. The statute of limitations therefore, runs until "five years after the time when the alleged offense was discovered." 19 U.S.C. § 1621. Because plaintiff did not allege in its complaint, prepenalty notice or penalty notice a violation arising out of gross negligence or negligence, the statute of limitations is not properly measured from "the date the alleged violation was committed." 19 U.S.C. § 1621.[1]

---

1. According to Customs, "[i]t is the policy of the Customs Service to calculate the statute of limitations from the date of the violation (as opposed to the date of discovery of fraud) as a conservative measure." Plaintiff's Brief at 9. In support of this policy, Customs cites *United States v. Thorson Chem. Corp.,* 14 CIT 550, 551 n. 1, 742 F.Supp. 1170, 1171 n. 1 (1990), *claim dismissed* 16 CIT ——, 795 F.Supp. 1190 (1992). *Thorson,* however, dealt with the validity of the party's waiver of the statute of limitations. Moreover, the specific footnote Customs cites merely restates the language of 19 U.S.C. § 1592 (1988). *Thorson* does not provide support for Customs' proposition that it may deny a party the requisite thirty-day response period by calculating the stat-

Customs states in its complaint it "had no knowledge of any of the false and material statements, acts and/or omissions, alleged in the above paragraphs, before March 3, 1988." Complaint at ¶ 18. At the time Customs commenced its administrative investigation on October 2, 1990, the statute of limitations would not have run for another two years and five months. As a result, Customs is unable to demonstrate less than one year remained before Mr. Chow could have asserted the statute of limitations as a defense. Pursuant to 19 C.F.R. § 162.78(a) and 19 C.F.R. § 171.12, therefore, Customs should have provided Mr. Chow with a thirty-day response period.

Defendant's counsel pointed out to Customs its obligation to provide defendant with a thirty-day response period. "Your Prepenalty Notice restricts the time for our response to seven days from the date of mailing of the Notice. This has imposed an unfair and unreasonable burden on Mr. Chow, and is, we respectfully submit, contrary to law." October 8, 1990 Letter to District Director. Defendant's counsel further emphasized "[t]he total lack of specificity in the Penalty Notice's charges, and the improperly abbreviated time provided to Mr. Chow to respond to the Notice, are more reminiscent of Star Chamber proceedings than the American justice system." October 24, 1990 Petition for Remission or Mitigation at 2. Two years and five months remained before the defendant could have raised the statute of limitations as a defense yet Customs ignored the thirty-day response period provided for in 19 C.F.R. § 162.78 and 19 C.F.R. § 171.12.

■ Customs argues that even if it failed to provide Mr. Chow with proper notice and an adequate opportunity to participate at the administrative level, notice and opportunity to participate are "generally not perceived as ... jurisdictional prerequisite[s] to an enforcement action brought by the agency." Plaintiff's Brief at 13, citing *United States v. Priority Prods., Inc.*, 4 Fed.Cir. (T) 88, 92, 793 F.2d 296, 300 (1986) (citation omitted).

*Priority*, however, can be distinguished from the instant case. The *Priority* court held Customs' failure to name the owner of Priority Products and his wife in the prepenalty and penalty notices did not deprive the Court of International Trade of jurisdiction. *Id.* at 93, 793 F.2d at 300. The court refused to read 19 U.S.C. § 1592 and 28 U.S.C. § 1582 as limiting the Court of International Trade's jurisdiction to only those cases where the parties have been expressly named in the administrative proceedings. *Id.* at 91–92, 793 F.2d at 299. The court found both parties received actual notice of the claim and received due process at the administrative level. *Id.* at 94, 793 F.2d at 300.

Mr. Chow, unlike the parties in *Priority*, could not adequately participate at the administrative level because of the shortened response period Customs provided. Mr. Chow complained bitterly that he was not given adequate time to prepare. The government had no apparent time constraint and appears to have simply run roughshod over the rights of the defendant. Furthermore, the government had over two years to correct the problem, but evidently chose not to avail itself of that opportunity. If this Court were to accept Customs' argument regarding lack of notice and inadequate opportunity to be heard at the administrative level, there would be no reason to conduct activity at the administrative level. This is clearly not the intent of Congress. Action at the administrative level affords the parties the opportunity to have administrative expertise brought to bear. Additionally, because numerous issues are often resolved administratively, there is necessarily a positive result with respect to judicial economy.

"There is no doubt that the doctrine of exhaustion of administrative remedies applies to an agency seeking enforcement of administrative action prior to the completion of the administrative process." *Id.* at 92, 793 F.2d at 300 (*citing Aircraft & Diesel Equip. Corp. v. Hirsch*, 331 U.S. 752, 767–68, 67 S.Ct. 1493, 1500–01, 91 L.Ed. 1796 (1947)). Because plaintiff failed to provide Mr. Chow

---

ute of limitations for a fraud case from the date of the violation instead of the date of discovery of the fraud. Where Customs has not alleged negligence or gross negligence, it cannot calculate the statute of limitations from the date of the violation.

with a "reasonable opportunity to make representations, both oral and written, as to why a claim for monetary penalty should not be issued in the amount stated," the Court must dismiss this action for failure to exhaust its administrative remedies and for failure to provide Kirk Koo Chow with a fair opportunity to be heard, a fundamental requirement of due process of law. *See* 28 U.S.C. § 2637(d) (1988); U.S. CONST. amend. V.

**B.** *USCIT Rule 9(b)*

Kirk Koo Chow also argues plaintiff has not set forth the circumstances constituting defendant's alleged aiding and abetting of fraud with the particularity required by US-CIT Rule 9(b). This rule provides as follows:

**RULE 9.** PLEADING SPECIAL MATTERS

(b) FRAUD, MISTAKE, CONDITION OF THE MIND. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

*See United States v. F.A.G. Bearings, Corp.,* 8 CIT 201, 615 F.Supp. 562 (1984).

Rather than state the circumstances constituting the fraud with particularity, Customs makes conclusory statements in its complaint. For example, Customs avers

defendant Mr. Chow aided and abetted NHT and Stanley in the entrance and/or introduction or attempted entrance and/or introduction of Sockets and Blackhawk hand tools into the commerce of the United States through Dallas/Fort Worth, Texas, under cover of three hundred and twenty-six (326) consumption entries listed on attached Exhibit A.

Complaint at ¶ 11. Similarly, Customs summarily addresses how Mr. Chow aided and abetted the alleged fraud: "by means of material and false acts, statements and/or omissions." *Id.* at ¶ 12. Although Customs describes in detail what NHT and Stanley, who are not even parties to this action, allegedly did and how they allegedly did it, Customs has failed to state with particularity the circumstances constituting Mr. Chow's partic-

ipation in the alleged fraud. There is a lack of particularity in the complaint concerning not only *how* Kirk Koo Chow aided and abetted the alleged fraud, but *what* it was he did to aid and abet the alleged fraud. As a result of this lack of particularity, the Court holds plaintiff has failed to state a cause of action upon which relief can be granted.

Failure to comply with Rule 9(b) is normally ground for a more definite statement rather than dismissal of the action. Because plaintiff has failed to exhaust its administrative remedies and provide defendant with due process of law, and because the statute of limitations has run, however, the Court does not grant plaintiff leave to amend its pleadings.

CONCLUSION

After considering all of the arguments presented by plaintiff and defendant, the Court holds (1) Customs has failed to exhaust its administrative remedies pursuant to 28 U.S.C. § 2637(d) and has failed to provide defendant with due process of law pursuant to U.S. CONST. amend. V and (2) Customs has failed to satisfy the particularity requirement of USCIT Rule 9(b). Defendant's motion is granted and this action is dismissed.