UNITED STATES of America, Plaintiff,

v.

MENARD, INC., Defendant.

No. 89–05–00238.

United States Court of
International Trade.

Nov. 22, 1993.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Michael S. Kane, Atty., Washington, DC, for plaintiff.

Irving A. Mandel, New York City (Thomas J. Kovarick, Brooklyn, NY, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Senior Judge:

This is a decision to determine the amount of penalty to be imposed on defendant under 19 U.S.C. § 1592 for having deprived the government of tariff duty by making negligent false statements on customs entries. In an earlier stage of this action, on a motion for summary judgment, the court found that defendant's negligence had deprived the government of $53,215.30 in duties. *United States v. Menard, Inc.*, 795 F.Supp. 1182 (C.I.T.1992). The negligence consisted of Menard's failure to ascertain the correctness of its private method of declaring a lower value on entries of merchandise in order to give itself an allowance for past duties paid on defective merchandise.

The penalty statute provides for a trial de novo on all issues, leaving the amount of the penalty to the sound discretion of the court. *United States v. Valley Steel Prod. Co.*, 14 CIT 14, 17, 729 F.Supp. 1356, 1359 (1990). It further provides for limits on the amount of penalty. When ordinary negligence caused the loss of duty, the maximum penalty is the lesser of the domestic value of the merchandise or twice the duty of which the government was deprived. In this case the government seeks the maximum penalty, which is twice the amount of duty.

■ Many of the basic factors which go into deciding the proper amount of penalty in these cases have been set out in the case of *United States v. Modes, Inc.*, 826 F.Supp. 504 (CIT 1993) (1993). It bears repeating that the law requires the court to begin its reasoning on a clean slate. It does not start from any presumption that the maximum penalty is the most appropriate or that the penalty assessed or sought by the government has any special weight. *See United*

*States v. Priority Prod., Inc.*, 9 CIT 383, 386, 615 F.Supp. 591, 593 (1985).

■ The court heard testimony from three executives of the defendant. As a result, the court finds that a penalty of one times the amount of duty lost is appropriate in this case. In the opinion of the court this situation falls within what can be described as the midrange of ordinary negligence. There was a loss to the government and the carelessness or negligent improvisation which gave rise to it must be penalized. However there are some facets of the case which distinguish it from a case in which stronger punitive measures would be justified.

The need for a more severe penalty is reduced by the fact that the defendant company was not experienced in handling import transactions. It relied heavily on the advice and guidance of a customs broker.

In addition, the court finds some indication of defendant's lack of experience in importing in its failure to timely apply for refunds on the import duty paid for earlier shipments of defective merchandise from the same manufacturer. The existence of such earlier defective merchandise is supported by the fact that defendant obtained a state court judgment for almost three and a half million dollars against the supplier. This, of course, could not serve as a justification for making any deductions from the entered value of the merchandise on the entries here involved. But it does suggest that to some extent the defendant's negligence was "evenhanded" and may have earlier benefitted the government.

In any event, the court is of the opinion that in this case the experience gained by defendant in this regrettable series of events will prevent a recurrence. The court was persuaded by the testimony that those responsible for the negligence have a genuine remorse for their lack of due care and a sincere determination to exercise due care in future customs transactions. Furthermore, the defendant has no record of previous violations.

For the reasons given above, the court finds that a penalty of one times the amount of duty lost should be imposed in this case.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED: that judgment is granted in favor of Plaintiff, and it is further

ORDERED, ADJUDGED, AND DECREED: that Plaintiff may recover against defendant an assessed civil penalty in the amount of $53,215.30, plus interest from the date of judgment, for negligent violations of 19 U.S.C. § 1592.