UNITED STATES, Plaintiff,

v.

MENARD, INC., Defendant.

**Slip Op. 98–53.**
**Court No. 89–05–00238.**

United States Court of
International Trade.

April 22, 1998.

*OPINION AND JUDGMENT
ON REMAND*

WATSON, Senior Judge.

This is a decision on remand of a penalty case from the Court of Appeals for the Federal Circuit. This court has been instructed

---

to assess unpaid duties and reevaluate its penalty determination in light of its previous findings on mitigation of the penalty.

In *United States v. Menard, Inc.,* 838 F.Supp. 615 (1993) this court awarded the government a civil penalty in the amount of $53,215.30, plus interest, for negligent violations of 19 U.S.C. § 1592 by Menard. That amount was equal to the amount of duties of which the government had been deprived by Menard's negligence.

This court said nothing about the actual unpaid duties, leading the appellate court to note that "we are unable to ascertain whether the trial court intended to award total damages equal to the unpaid duties plus a civil penalty of like amount ($106,430,60) or equal to only the unpaid duties of $53,215.30 with no additional amount as a penalty."

This court now clarifies its original opinion to state that the amount of $53,215.30 was intended to be a penalty to be paid by Menard in addition to a payment of the unpaid duties. In other words, the judgment should have been in the amount of $106,430.60. Upon review of the matter, this court finds that it overlooked the necessity of making plain its assumption that payment of the underlying unpaid duties would also be required. Upon review of the mitigating factors the court adheres to its original view that they justify a penalty of $53,215.30 and no more than that.

Defendant makes a complex new argument that no penalty should be imposed on Menard for what this court previously called its "private method of declaring a lower value on entries of merchandise in order to give itself an allowance for past duties paid on defective merchandise." *U.S. v. Menard,* 838 F.Supp. at 616. Defendant argues that *Menard* could not have received duty refunds on duty paid on defective merchandise by filing claims for them because the government has not followed the procedures mandated by law with respect to such claims. This and related arguments, are outside the scope of this action. The opinion in *Menard* found only that the law provided a procedure for obtaining refunds of duties paid for defective merchandise. It did not concern itself with any of the details of that procedure, and it certainly will not use this remand to judge the government's conduct in that area. Moreover, this is a matter which has been subsequently dealt with in great detail by the appellate court in *Samsung Electronics America, Inc. v. United States,* 106 F.3d 376 (Fed.Cir.1997). It is also apparently involved in other pending proceedings.

The court in *Menard* was determining mitigating factors in a penalty case. The thrust of the finding in *Menard* was that the "self-help" method of Menard was negligent but was mitigated by proof of Menard's inexperience, clean record, reliance on a broker's advice, contrition and determination to exercise due care in the future. The court finds no reason to alter its conclusions on those points. Accordingly, defendant's argument for elimination or reduction of the penalty is rejected.

Judgment will be entered for plaintiff in the amount of $106,430.60 plus interest on the total from the date of the original judgment.