**UNITED STATES, Plaintiff,**

v.

**MAXI SWITCH, INC., Defendant.**

**Slip. Op. 98–111.**
**Court No. 97–08–01426.**

United States Court of
International Trade.

Aug. 4, 1998.

Department of Justice, Washington, DC, for Plaintiff.

Piper & Marbury L.L.P., New York City (John L. Moore and David P. Langlois), for Defendant.

## OPINION

POGUE, Judge.

The United States Customs Service ("Customs") commenced this action against Defendant, Maxi Switch, Inc. ("MSI"), to recover civil penalties for violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1988), alleging grossly negligent conduct concerning the importation of certain video game cartridges. This Court has jurisdiction pursuant to 28 U.S.C. § 1582(1) (1994).

Defendant's motion to dismiss is before the Court. Defendant alleges that (1) Customs denied MSI administrative due process and (2) Customs failed to exhaust administrative remedies. Accordingly, Defendant's motion falls under USCIT R. 12(b)(5) as a motion to dismiss for failure to state a claim upon which relief can be granted. *See* USCIT R. 12(b)(5).

### Standard of Review

In a proceeding for the recovery of a monetary penalty claimed by the United States under section 1592, "all issues, including the amount of the penalty, shall be tried de novo." 19 U.S.C. § 1592(e)(1) (1988). In the context of a motion to dismiss for failure to state a claim, the court assumes that "all well-pled factual allegations are true," construing "all reasonable inferences in favor of the nonmovant," *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991); and inquires whether the complaint sets forth facts sufficient to support a claim. To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint and documents incorporated in the complaint by reference. *Allen v. West-Point–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991).[1]

Frank W. Hunger, Assistant Attorney General of the United States; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; A. David Lafer, Senior Trial Counsel; Franklin E. White, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division,

---

1. The Court's conclusions are not meant to limit review of Customs' actions in any subsequent proceeding.

## Background

The first entry of the subject merchandise was filed on September 4, 1992. On July 29, 1996, Customs issued a draft prepenalty notice to MSI, alleging that MSI violated section 1592. Shortly thereafter MSI made both written and oral responses to Customs' draft pre-penalty notice. On October 17, 1996, Customs issued a pre-penalty notice to MSI, indicating a tentative culpability level of fraud with a corresponding penalty of $32,-394,473.[2] The notice stated that MSI had undervalued merchandise and failed to declare certain dutiable assists.

> From August 1, 1992 through December 31, 1993, [MSI] entered ... 136 Customs entries ... by means of material false statements and omissions.... Further, [MSI] failed to declare certain dutiable assists involving 136 entries. The total loss of revenue [due] to the alleged undervaluation of the integrated circuits and dutiable assists is $679,343.

Def.'s Aff. Supp. Mot. to Dismiss ("Def.'s Aff.") Ex. 1 at 2 (unpaginated). MSI responded to the pre-penalty notice on November 12, 1996.

On December 9, 1996, Customs issued a penalty notice. In response, MSI submitted a petition for remission on January 8, 1997. In the petition, MSI stated, "[a]s to the substance of the notice, we hereby incorporate by reference our submission of November 12, 1996 in response to Customs' prepenalty notice." *See id.* Ex. 3. On February 24, 1997, Customs permitted counsel for MSI to make an oral presentation concerning MSI's January 8th petition for remission.

On February 28, 1997, Customs issued an amended pre-penalty notice. The amended notice, pursuant to 19 U.S.C. 1592(d),[3] "assesse[d] additional unpaid duties in the amount of $53,852.51."[4] Def.'s Aff. Ex. 4. The notice also alleged negligence or gross negligence as an alternative to the "tentative determination" of fraud. *Id.* at 2. Customs required a written response in seven days, by March 7, 1997.

The complaint states that MSI received the amended pre-penalty notice on March 3, 1997.[5] Customs did not provide notification by telephone of the issuance of the amended notice.[6]

MSI responded to the amended pre-penalty notice by fax and regular mail, denying fraudulent behavior and, pursuant to regulations, requesting a statement of how Customs calculated the $53,852.51.[7]

Customs issued an amended penalty notice on March 14, 1997. This notice specified how

---

2. Section 1592 defines three possible levels of culpability: fraud, gross negligence, or negligence. "A fraudulent violation ... is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise." 19 U.S.C. § 1592(c)(1). The $32,394,473 amount represents the domestic value of the subject merchandise in this case. Def.'s Aff. Supp. Mot. to Dismiss ("Def.'s Aff.") Ex. 2 at 5–9 (unpaginated).

3. Section 1592 states in pertinent part, "if the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed." 19 U.S.C. 1592(d).

4. The parties disagree as to what the $53,852.51 represents. MSI describes this duty as "the first time [Customs] specified the amount of duties allegedly lost due to certain undeclared assists." Def.'s Mem. P. & A. Supp. Mot. to Dismiss ("Def.'s Brief.") at 2–3. In other words, MSI views the $53,852.51 as the total loss of revenue from the undeclared assists alleged in the origi-

nal penalty notice. Customs, however, views it as "an *additional* demand for duties ... [that] involved the same violations as the original pre-penalty notice." Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss ("Pl.'s Brief") at 2 (emphasis added). That is, the $53,852.51 is assessed in addition to the alleged unreported assists included in the $679,343. For the purposes of a motion to dismiss, where all inferences must be made in favor of the non-moving party, the Court assumes the facts as alleged by Customs to be true.

5. MSI claims that it did not receive the amended pre-penalty notice until March 4, 1997. Def.'s Brief at 3.

6. Regulations provide, "[i]f a [response] period of fewer than 30 days is specified, the port director, if possible, shall inform the named person of the prepenalty notice and its contents by telephone at or about the time of issuance." 19 C.F.R. § 162.78(a).

7. Regulations provide, "the notice shall ... state the amount of duties payable and how it was calculated." 19 C.F.R. § 162.79b.

Customs calculated the additional $53,852.51 and repeated Customs' demand that that amount be paid. Response was required in 7 days, by March 21, 1997. Customs did not give notification by telephone.

The complaint states that MSI received the amended penalty notice on March 17, 1997.[8] MSI responded to the complaint on March 20, 1997 by petitioning for remission or mitigation of the penalty.[9] At that time, MSI also paid $53,852.51, stating, "[s]uch payment is without prejudice to any of [MSI's] legal rights and may not be construed as an admission of liability for any penalty." Def.'s Aff. Ex. 7. In addition, MSI requested the opportunity to make an oral presentation. MSI contends it never received a response to the March 20, 1997 petition. Def.'s Mem. P. & A. Supp. Mot. to Dismiss ("Def.'s Brief.") at 4. Customs does not challenge this contention.

On March 21, 1997, Customs issued a decision in response to MSI's January 8, 1997 petition for remission. The decision stated that MSI was guilty of gross negligence and assessed a penalty of $2,887,517.76,[10] on the condition that $53,852.51 remained deposited as withheld duties. Customs required compliance within fifteen days, by April 5, 1997.

On March 31, 1997, Customs referred this matter to the Department of Justice. MSI submitted a supplemental petition on April 11, 1997, pursuant to 19 C.F.R. § 171.33(a).[11]

### Discussion

### I. Administrative Due Process

MSI argues that it was deprived of administrative due process as (1) the seven day period provided to respond to Customs' amended pre-penalty and penalty notices was not a "reasonable" period of time, (2) MSI was denied an opportunity to make an oral presentation in response to the amended

penalty notice, and (3) there was no notification by telephone.

### A. Seven Day Response Period

■ If Customs determines that a written penalty claim should issue against an importer, then

[s]uch person shall have a *reasonable opportunity* ... to make representations, both oral and written, seeking remission or mitigation of the monetary penalty.

19 U.S.C. § 1592(b)(2)(1988)(emphasis added).

MSI contends that Customs failed to take into consideration time for mailing and thus did not leave MSI with a reasonable amount of time to respond to the amended pre-penalty and penalty notices. Def.'s Brief at 11.

Customs generally allows a person served with either a pre-penalty or penalty notice thirty days from the date of the mailing of the notice to respond. 19 C.F.R. §§ 162.78(a), 171.12(b). In the case of pre-penalty notices, Customs' regulations permit the agency to specify a shorter response period when "less than 1 year remains before the statute of limitations may be asserted as a defense." 19 C.F.R. § 162.78(a). For penalty notices, Customs' regulations provide that where "fewer than 180 days remain from the date of the penalty notice before the statute of limitations may be asserted as a defense," Customs may shorten the time period allowed for response to a penalty notice. 19 C.F.R. § 171.12(e). In no event, however, may a party be given less than seven days in which to respond to either a pre-penalty or penalty notice. 19 C.F.R. §§ 162.78(a), 171.12(e).

Both sides agree that Customs was entitled to limit MSI to a shortened response

---

**8.** MSI claims that it did not receive the amended penalty notice until March 19, 1997. Def.'s Brief at 3.

**9.** MSI sent this notice by both facsimile and Federal Express. Def.'s Aff. Ex. 7.

**10.** This is an amount equivalent to four times the total loss of revenue. 19 U.S.C. § 1592(c)(2)(a)(A)(ii).

**11.** Regulations provide that if the petitioner is not satisfied with Customs' decision, "a supplemental petition may be filed.... Such petition shall be filed ... [w]ithin the time prescribed in the decision...." 19 C.F.R. § 171.33(a)

period.[12] Furthermore, the seven day response time has been approved by this Court in other cases. *See United States v. Ziegler Bolt and Parts Co.,* 19 CIT 13, 21 (1995) (holding "defendant was afforded substantive and procedural due process at the administrative level" when he was given seven days to respond to a pre-penalty notice for negligence).

Although MSI was given seven days, it was left, after mailing time, with four days to respond to both amended notices. Pl.'s Brief at 3. In these four days, MSI had to respond to the main claim of undervalued merchandise ("main claim") and the amendment, which plead negligence or gross negligence as an alternative to fraud and assessed $53,-852.51 in additional unpaid duties. In the circumstances here, four days provided a reasonable opportunity for MSI to respond to all parts of the claim.

With regard to the main claim, MSI had already on several occasions outlined its position, both in writing and orally. MSI's basic arguments were set forth in the November 12, 1996 response, and MSI's position did not change when the amended notices were issued. For example, in MSI's March 7, 1997 response to the amended pre-penalty notice, MSI writes, "we continue to deny any misconduct on [MSI's] part. In this regard, we incorporate by reference the position and arguments that we have outlined in our previous submissions to your agency." *See* Def.'s Aff. Ex. 5 at 1.

In its March 20, 1997 response to the amended penalty notice, MSI again incorporated previous submissions by reference. Although MSI prefaced the reference with, "in view of the tight time constraints imposed by Customs," *see id.* Ex. 7 at 2, MSI had

been incorporating previous arguments since its January 8, 1997 response to the original penalty notice, when it had thirty days to respond. Further, MSI was given the opportunity to make an oral presentation on the main claim on February 24, 1997. In short, MSI had already made its position clear to Customs in writing and orally. Thus, four days to respond to the main claim was a reasonable amount of time.

MSI's reliance upon *United States v. Stanley Works,* 17 CIT 1378, 849 F.Supp. 46 (1993), *see* Def.'s Brief at 11, is misplaced. First, in *Stanley Works,* this Court held that the seven day response period was unwarranted because Customs failed to demonstrate that less than one year remained before the statute of limitations could have been asserted as a defense. *Stanley Works,* 17 CIT at 1379–82, 849 F.Supp. at 48–50. In the present case, however, Customs was entitled to shorten the response period to seven days because, as both sides agree, there was less than one year remaining. *See supra* p. 1043, note 12. Second, the Court in *Stanley Works* determined that due process was denied when Customs gave a seven day period within which the importer could request an oral hearing. *Stanley Works* at 50. The Court reasoned that, assuming a three-day mail period for both notice and response, Defendant would have had only one day in which to contact its attorney, formulate its response and mail it. *Id.* at 51. *Stanley Works* is different from the present case in that MSI had the use of facsimile. MSI could have sent its response on the very last day, and it would have arrived at the Customs office minutes later.[13] In short, the precedence set forth in *Stanley Works* is not applicable to the case at bar.[14]

---

12. Section 1621 provides, "in the case of an alleged violation of section 1592 of this title arising out of *gross negligence or negligence,* such suit or action shall not be instituted more than five years after the date the alleged violation was *committed* [.]" 19 U.S.C. § 1621 (emphasis added). Since the first entry was filed on September 4, 1992, the five year statute of limitations would run on September 4, 1997. Thus, for the amended pre-penalty notice issued on February 28, 1997, there was less than one year left, and for the amended penalty notice issued on March 14, 1997, there were fewer than 180 days left.

Therefore, Customs was permitted to limit the response time to seven days.

13. MSI had in fact used facsimile to send its responses to both the amended pre-penalty and penalty notices. *See* Def.'s Aff. Ex. 5 and 7; *see also infra* p. 1043.

14. MSI questions why Customs did not "simply transmit the notices by facsimile, as Customs did when sending its March 21, 1997 penalty decision." Def.'s Reply Pl.'s Opp'n Mot. to Dismiss ("Def.'s Reply") at 3, note 2. This claim is irrele-

With respect to the alternative plea of negligence or gross negligence, four days was a reasonable amount of time to respond. Although negligence or gross negligence was not alternatively plead in an official notice until the amended pre-penalty notice, this issue had been discussed between the parties since their first conversations.[15] Given MSI's familiarity with this issue, and that MSI did not contest this issue in its brief, the Court finds that four days was a reasonable amount of time for MSI to respond to the alternative plea.

With regard to the $53,852.51 in additional unpaid duties, MSI maintains that failure to allow time for mailing "looms far more significant because only in the amended notices did Customs first provide MSI with any information regarding the amount of lost duties concerning allegedly unreported assists." Def.'s Brief at 11. However, for the purposes of this motion, the $53,852.51 represents additional lost duties which pertained to the unreported dutiable assists alleged by Customs in its original pre-penalty and penalty notices.[16] *See supra* p. 1042, note 4.

Since the original pre-penalty and penalty notices both stated that MSI had failed to report dutiable assists involving the 136 entries, MSI had been on notice of this violation for more than six months. Thus, the Court finds MSI had sufficient opportunity to respond to Customs' allegations.

Finally, MSI's early response to the amended penalty notice supports the Court's conclusions here. The response to the amended penalty notice was due on March 21, 1997. MSI sent its response by facsimile and Federal Express on March 20, 1997. If MSI needed more time to formulate its response, it could have worked on it for another day and faxed it to Customs on the due date. That MSI faxed the response to Customs the day before it was due permits the inference that seven days was indeed enough time to respond.

### B. Opportunity for Oral Presentation

■ MSI maintains that it was entitled to an opportunity to make an oral presentation in conjunction with its written response to Customs' amended penalty notice issued March 14, 1997. MSI further states that being deprived of this opportunity is "all the more troubling given that this oral presentation would have been the first time in which MSI would have had an opportunity ... to address Customs' allegations regarding allegedly unreported assists." *See* Def.'s Brief at 12.

Section 1592(b)(2) states that "[s]uch person shall have a reasonable opportunity ... to make representations, both *oral and written*, seeking remission or mitigation ...." (emphasis added). In addition, 19 C.F.R. § 171.14(a)(2) provides, "[t]he person shall be

---

vant to the pending motion because the Court is not concerned with what other options Customs had to send its notices. The main concern is whether four days provided a reasonable amount of time to respond.

**15.** As far back as its August 13, 1996 letter, the U.S. Customs Service stated that MSI might be guilty of negligence. "At a very minimum, [MSI] acted with knowledge of or wanton disregard for the relevant facts and with indifference to or disregard of its importing obligations." Pl.'s Brief Ex. B at 2 (citing Letter from Dept' Treasury re: Maxi Switch Inc.(Aug. 13, 1996)).

**16.** Accordingly, some of MSI's arguments on this issue are inapplicable. For example, MSI argues, "only in Customs' amended penalty notice did Customs for the first time provide MSI with the information concerning the alleged loss of revenue and how such alleged loss was computed." Def.'s Reply at 2.

However, as Customs construes the facts, MSI's statement is untrue. While the amended

penalty notice was the first time Customs explained how it calculated the $53,852.51, this calculation only applies to the additional duties, which resulted from the unreported assists alleged in Customs' original notices.

The manner of calculation for the assists in the original notices, it seems, was provided in the penalty notice. The spread sheet accompanying the penalty notice states the total loss of revenue ($679,343) and how it was computed (the spread sheet provides the lost revenue from each of the 136 entries, and for each entry, the duty paid versus the actual duty due). Def.'s Aff. Ex. 2 at 5–9. Thus, Customs' original notices contained an adequate explanation on how Customs calculated the amount of duties payable.

Thus, for the purposes of this motion, the Court cannot credit MSI's contention that until the amended penalty notice Customs did not supply the amount of lost revenue and how it was computed.

given a reasonable opportunity to make an *oral presentation* provided that a [written] petition has been filed . . . and that the petition contains a request to present orally the reasons for remission or mitigation . . . ." (emphasis added). MSI followed these procedures and was thus entitled to an oral presentation.

This oral presentation, if it were granted, however, would not have been the "first time" for MSI to address the allegations of unreported assists. As Customs renders the facts, MSI was given two opportunities to make oral presentations (once after issuance of the draft pre-penalty notice and once after the issuance of the penalty notice). Thus, MSI had previous opportunities to address the issue of undeclared assists.

Still, the additional oral presentation, if granted, would have been the only opportunity to orally address the assessment of $53,-852.51 in additional unpaid duties. However, this alone does not warrant the granting of a motion to dismiss. "[F]ailure to provide adequate notice or opportunity to participate at the administrative level is generally not perceived as a jurisdictional prerequisite to an enforcement action brought by the agency." *United States v. Jac Natori Co., Ltd.*, 17 CIT 348, 350, 821 F.Supp. 1514, 1516–17 (1993) (citing *United States v. Priority Products, Inc.*, 4 Fed. Cir.(T) 88, 92, 793 F.2d 296, 300 (1986)); *see also Nickey v. Mississippi*, 292 U.S. 393, 396, 54 S.Ct. 743, 78 L.Ed. 1323 (1934) (holding that an opportunity for trial de novo affords defendants all due process to which they are entitled: no constitutional mandate that defendant have notice and opportunity to respond at administrative level if "all available defenses may be presented to a competent tribunal before exaction of the [obligation]").

### C. No Telephonic Notification

■ MSI maintains that Customs could have mitigated the effects of delayed delivery

by informing MSI by telephone of the issuance of the pre-penalty notice. Def.'s Brief at 11. Customs' regulations state, "[i]f a period of fewer than 30 days is specified, the port director, if possible, shall inform the named person of the pre-penalty notice and its contents by telephone at or about the time of issuance." 19 C.F.R. § 162.78(a).

The regulation is, nonetheless, qualified by the words, "if possible." Telephonic notification is not mandatory; it is just another means of providing a reasonable opportunity to respond.

The complaint states that MSI had four days to respond to both notices. Assuming this, Customs failure to provide telephonic notification is not fatal. MSI had a reasonable opportunity to respond and was thus afforded due process.

### II. Failure to Exhaust Administrative Remedies

■ Finally, MSI contends that Customs failed to exhaust its administrative remedies [17] when it prematurely referred this case to the Department of Justice ("Justice") and thereby divested itself of any power to consider MSI's supplemental petition.[18] *See* Def.'s Brief at 8, note 5.

Customs' premature referral to Justice was rendered harmless, however, because of MSI's untimely filing of its supplemental petition. Customs stated that MSI would have fifteen days from March 21, 1997 to respond to the mitigation decision. MSI did not file its supplemental petition until April 11, 1997, six days late. Thus, even if Customs had waited the full fifteen days, until April 5, to refer its case to Justice, it still would not have been able to consider MSI's supplemental petition.

The substantive issue, nonetheless, is whether the defendant was afforded a sufficient opportunity to be heard. *See United States v. Rotek, Inc.*, 22 CIT ——, 1998 WL

---

**17.** The applicable law reads, "[i]n any civil action not specified in this section, the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. 2637(d) (1988).

**18.** When Customs referred the matter to the Department of Justice prematurely, Customs could no longer consider the supplemental petition. *See* 19 C.F.R. § 171.24 ("No action shall be taken on any petition if the civil liability has been referred to the Department of Justice. . . .").

314028, slip op. 98–75 (June 9, 1998) (finding Customs' early referral of penalty action to Justice did not deprive importer of due process and refusing to dismiss Customs' penalty claim).

MSI's supplemental petition addressed no new allegations; MSI only raised again issues on which it previously had an opportunity to be heard. For example, in its petition MSI asserts that Customs should have found it guilty of negligence, not gross negligence. MSI had stated this claim before.[19] Further, MSI disagreed with Customs' determination that a prior good record would not be considered as a mitigating factor. MSI had already made its position on this issue clear also.[20]

"[I]t is ... well settled that courts will not set aside agency action for procedural errors unless the errors 'were prejudicial to the party seeking to have the action declared invalid.'" *See Sea–Land Serv., Inc. v. United States,* 14 CIT 253, 257, 735 F.Supp. 1059, 1063, *aff'd* and *adopted,* 9 Fed. Cir. (T) 59, 923 F.2d 838 (1991).[21]

### Conclusion

Upon review and careful consideration of the instant motion, the aforementioned statutory provisions, relevant case law, and all other papers and proceedings had herein, it is hereby,

ORDERED that MSI's motion to dismiss is denied.

19. In its response to the pre-penalty notice, MSI states, "[t]his type of conduct has not [sic] been regarded by the U.S. Court of International Trade ... as indicative of negligence, not fraud. *See United States v. Menard, Inc.,* 838 F.Supp. 615, 17 C.I.T. 1229, 1229 (1993) ('carelessness or negligent improvisation' in valuation of merchandise constitutes 'midrange of ordinary negligence')." Def.'s Aff. Ex. 3 at 5 (citing Letter from Piper & Marbury in response to pre-penalty notice (Nov. 13, 1996)).

20. In its response letter to the pre-penalty notice, MSI states, "MSI might also lay claim to a 'prior good record,' since, to the best of our knowledge, its only prior infraction was a minor penalty relating to a country of origin marking issue that

resulted in no revenue loss." Def.'s Aff. Ex. 3 at 6.

21. The parties disagree about a precedential point set forth in *United States v. Obron Atl. Corp.,* 18 CIT 771, 862 F.Supp. 378 (1994). Customs uses *Obron* to argue that there is no requirement that Customs provide *rulings* on supplemental petitions. Pl.'s Brief at 8. MSI refutes this, stating that its complaint was not that Customs had failed to rule on, but failed to even *consider* MSI's petition. Def.'s Reply at 4. This debate is one piece of the bigger question of whether MSI was given a sufficient opportunity to be heard. This Court holds that MSI was given such an opportunity and thus does not address this particular debate.